(Pleito No. 158.—Fallado el 11 de Noviembre de 1901.)

## VOIGHT contra EL REGISTRADOR DE LA PROPIEDAD.

SOLICITUD de un *Mandamus.*

ANOTACIÓN DE LA EJECUCIÓN DE UNA HIPOTECA.  Cuando ocurran defectos subsanables en el procedimiento ejecutivo seguido para hacer efectivo un crédito hipotecario, el Registrador no podrá negarse á hacer la inscripción del título.  Pero al hacerlo, anotará los defectos de que adoleciere el título presentado para conocimiento de todos los interesados en la inscripción, quienes podrán reclamar contra los citados defectos en la vía y forma correspondientes.

Puerto Rico, Noviembre once de mil novecientos uno.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Julio Mª Padilla á nombre de Doña Clementina Albina Voight Decastro, contra negativa del Registrador de la Propiedad de Ponce á inscribir un testimonio del auto de adjudicación en pago de una finca rústica.—Resultando : Que seguido procedimiento ejecutivo sumario en el Tribunal del Distrito de Ponce por Doña Clementina Albina Voight Decastro contra Don Cayetano Besosa y Padilla, en cobro de pesos, procedentes de un crédito hipotecario, se adjudicaron los bienes hipotecados al acreedor en pago de su crédito por el precio de su tasación, ascendente á la suma de catorce mil pesos; y que presentado al Registro de la Propiedad un testimonio del auto de adjudicación librado por el Secretario del referido Tribunal para su inscripción, le fué denegada por el Registrador, según nota puesta por el mismo al pie del documento, por los siguientes defectos : " 1º  Por no expresarse la cantidad porque se siguió la ejecución ; 2º  Por no resultar la tasación de la finca, pues si bien se dice que la tasaron las partes en el acto de la constitución de hipoteca en catorce mil pesos, del Registro no resulta ese avalúo al objeto de que sirviera de tipo á la única subasta, ni podría resultar, toda vez que la hipoteca de que se trata es anterior al planteamiento de la vigente Ley Hipotecaria ; 3º  Por no expresarse la clase de moneda de la valoración porque se sacó la finca á pública subasta, apareciendo del Registro

que la constitución de hipoteca por catorce mil pesos es anterior á la circulación de la moneda provincial; 4º Por no resultar la liquidación del crédito y que la adjudicación se haya hecho en pago total ó parcial del mismo crédito objeto de la ejecución; 5º Por no citarse el título de adquisición de la finca; 6º Porque existiendo gravámenes posteriores al que motivó la ejecución, no resulta del documento que se haya hecho la notificación que dispone el artículo 1,448 de la Ley de Enjuiciamiento Civil, y el 171 del Reglamento de la Ley Hipotecaria, ni que se hayan publicado los edictos á que se refiere el artículo 172 de dicho Reglamento; 7º Por no insertarse el acta de la subasta; 8º Porque tratándose de adjudicación en pago de créditos hipotecarios que ha de producir la cancelación de éste, no se acredita si intervino personalmente la acreedora ó por medio de apoderado con poder bastante. Y como si bien estos defectos pudieran ser subsanables tales como aparecen en el documento, la falta de cumplimiento de algunos de los requisitos anotados produciría la nulidad de las actuaciones, no es procedente practicar la inscripción con las solas constancias del título. Y manifestados estos defectos á Don Arturo Salas como mandatario de Don Pedro S. Battistini, éste ha solicitado que se extienda la presente nota."—Resultando: Que notificada la precedente nota al presentante del documento, no estuvo conforme con la calificación del Registrador, por lo que, en cumplimiento de lo que previene la Orden General número 99, lo elevó éste con la oportuna comunicación para la resolución correspondiente á este Tribunal Supremo, donde á su vez compareció dentro del término legal el Abogado Don Julio M. Padilla, á nombre de la interesada Doña Clementina Voight Decastro, interponiendo en forma el presente recurso gubernativo contra la nota del Registrador de la Propiedad denegatoria de la inscripción solicitada y pidiendo se revocara dicha nota y se previniera al Registrador que inscribiera el expresado documento gratuitamente y con

las costas á cargo de dicho funcionario.—Siendo Ponente
el Presidente del Tribunal Don José S. Quiñones.—Consi-
derando : Que atendidas las prescripciones de los artículos
65 de la Ley Hipotecaria y 110 del Reglamento de la
misma, no pueden calificarse de otro modo que de subsa-
nables los defectos anotados por el Registrador de la Pro-
piedad de Ponce al pie del documento de que se trata en
el presente recurso, y que en ese concepto es procedente
su inscripción en la forma que previene la Orden General
número 99, ó sea expresándose en aquélla los defectos de
que adoleciere el título presentado, para conocimiento de
todos los interesados en la inscripción, y que por ninguno
pueda alegarse ignorancia.—Considerando : Que los Regis-
tradores deben calificar los documentos que se presentan
al Registro por lo que de ellos resulta, como lo ordena el
artículo 18 de la misma Ley Hipotecaria; y que á mayor
abundamiento, cualesquiera que sean los defectos que hayan
podido cometerse en el orden del procedimiento ejecutivo
seguido en el Tribunal del Distrito de Ponce para hacer
efectivo el crédito hipotecario de Doña Clementina Voight
Decastro, no es de la competencia del Registrador cali-
ficarlos, sino que son las mismas partes interesadas las que
en todo caso podrían reclamar contra los citados defectos,
en la vía y forma correspondiente, con arreglo á la juris-
prudencia constante de la Dirección General de los Registros
de la Propiedad.—Considerando : Que no se revela teme-
ridad en la conducta del Registrador de la Propiedad
de Ponce al denegar la inscripción del documento que
motiva el presente recurso, que es lo que ha tratado de
reprimir la Orden General número 99 al disponer que
cuando este Tribunal desestime la calificación del Regis-
trador lo condenará en las costas, y á la práctica de la
inscripción gratuitamente.—Vistas las disposiciones legales
citadas y las resoluciones de la Dirección General de los
Registros de la Propiedad, de diez de Abril de mil ocho-
cientos setenta y seis, veinte y dos de Diciembre de mil

ochocientos ochenta y dos, cinco de Octubre de mil ochocientos noventa y tres, veinte y siete de Abril y cinco de Junio de mil ochocientos noventa y cuatro, y veinte y ocho de Marzo de mil ochocientos noventa y cinco.—Se revoca la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie del documento de que se trata en el presente recurso, y se declara que procede inscribirlo en la forma que previene la Orden General citada. Y con devolución del referido documento, remítase al Registrador de la Propiedad de Ponce copia certificada de la presente resolución, que se publicará en la *Gaceta Oficial*, para su conocimiento y el de los interesados, y á los demás efectos procedentes. Lo acordaron y firman los Sres. del Tribunal Supremo de que certifico.